**Luigi BAFICO, Appellant,**

v.

**SOUTHERN PACIFIC COMPANY,**
**Appellee.**

**No. 20006.**

United States Court of Appeals
Ninth Circuit.

July 26, 1966.

Rehearing Denied Sept. 2, 1966.

Martin Schedler, Portland, Or., for appellant.

John Gordon Gearin, James V. Hurley, of McColloch, Dezendorf & Spears, Portland, Or., for appellee.

Before J. WARREN MADDEN, Judge, Court of Claims, and HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

This action arises under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60. Bafico, plaintiff below and appellant here, was employed by appellee in its Brooklyn Yards, Portland, Oregon, as a section worker maintaining appellee's right of way. Appellee usually dispatched section gangs to the section of track assigned to them in a vehicle provided by appellee and driven by one of its employees. On June 11, 1962, in alleged violation of the "work and safety rules" requiring this practice, Bafico's superior directed him to drive to his assigned section of track in his own vehicle. As Bafico was leaving Brooklyn Yards, a truck owned by Dad's Root Beer Bottling Company of Portland proceeded through a stop light and struck his automobile, demolishing it and causing the injuries which resulted in his total and permanent disability.

Bafico first brought suit against Dad's Root Beer in an Oregon state court. That action was settled for $16,500 on the morning set for trial. In return for the settlement payment, Bafico executed a "standard form" release, in the office of his own attorney and in the absence of

the attorney for Dad's Root Beer, which reads in pertinent part as follows:

## "FULL AND FINAL RELEASE OF ALL CLAIMS

"KNOW ALL MEN BY THESE PRESENTS, that the Undersigned do(es) hereby acknowledge receipt of a draft for *Sixteen Thousand Five Hundred and no/100ths Dollars ($16,-500.00)* which draft is accepted in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against *DAD'S ROOT BEER BOTTLING COMPANY OF PORT-LAND, OREGON* and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the consequences flowing therefrom, as the result of an accident, casualty or event which occurred on or about the *11th* day of *June, 1962* at or near *S. E. Harold Street and McLoughlin Boulevard* and for which the Undersigned claims the said persons or parties are legally liable in damages; which legal liability and damages are disputed and denied, and;

"The Undersigned Warrants, that no promise or inducement has been offered except as herein set forth; that this Release is executed without reliance upon any statement or representation by the person or parties released, or their representatives, or physicians, concerning the nature and extent of the injuries and/or damages and/or legal liability therefor; that the Undersigned is of legal age, legally competent to execute this Release and accepts full responsibility therefor, and;

"The Undersigned Agrees, as a further consideration and inducement for this compromise settlement, that it is a full and final release of all claims and shall apply to all known and unknown and anticipated and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now known or disclosed."

The italicized matter in the foregoing quotation was added in blank spaces in the printed form; the release is signed by Luigi and Victoria Bafico, and by their attorney in his capacity as a notary public.

Approximately a year later Bafico brought this action, seeking recovery on the ground of appellee's alleged negligence in sending him to his work station in his own automobile in breach of its own "work and safety rules." He claimed that as an ultimate result of that negligence he lost $9,472 in wages, expended $344 for medicine and medical attention, and sustained general damages of $50,000, and sought judgment in the total sum of $59,816 and costs. After appellee raised the release as a defense, the district court granted Bafico's motion for a separate trial on the segregated issue of the legal effect of that release.

That trial resulted in a judgment for appellee, based on findings and conclusions that (1) appellee had sustained its burden of proof that Bafico intended by the release to discharge it from liability; (2) the settlement received by Bafico from Dad's Root Beer constituted full satisfaction for all injuries received in the accident; (3) appellee, if negligent at all, was a joint tort-feasor rather than an independent concurring or aggravating tort-feasor, and so was discharged from liability by the release executed to the other tort-feasor; and (4) the language of the release was unambiguous and the intention of the parties to the agreement, reflected in the preceding findings, was clear.

Bafico assigns all of these findings, and the trial court's refusal to permit parol proof of Bafico's "true" but uncommunicated intent when signing the release, as error.

The central question presented is whether, under Oregon law and in the circumstances of this case, a release given to one tort-feasor may by the breadth of its language bar action against another

alleged tort-feasor who contributed nothing to the settlement. A subsidiary problem is whether the trial court's refusal to take evidence on the intent of a party to the release constitutes reversible error. Appellant seems to rely principally upon our decision in Rudick v. Pioneer Memorial Hospital, 9 Cir., 1961, 296 F.2d 316, in urging that the first question be answered no and the second yes.

In *Rudick* the plaintiff had been injured in an automobile accident. She alleged that she was subsequently negligently treated by the defending hospital and doctors. They urged that recovery against them was barred by the terms of a release signed by the plaintiff, which provided that in return for the settlement sum paid by the offending driver, he "and all other persons, firms and corporations in any way interested or concerned" should be released from liability arising out of "an automobile accident" which occurred "On or about the 25th day of May, 1957, in the vicinity of Mitchell, Oregon." She had been advised to sign the release by her brother, a legal layman so far as the opinion shows, who had carried on negotiations with the driver's insurer and discovered that the applicable policy limit was less than 20 percent above the sum for which plaintiff finally settled. On appeal, after a full consideration of the relevant Oregon decisions, we said that "the question is the clarity of the document to this appellant, knowing what she knew as to who the insured was and what the policy limits were," and held that "to this *layman*" the document's "apparent confinement of the release to a 'certain accident, casualty or event which occurred on or about the twenty-fifth day of May, 1957, at or near Mitchell, Oregon, * * *' might very well * * * have excluded a release of acts of negligence subsequently committed in a hospital in Prineville." 296 F.2d at 320.

■ In the present case the situation is obviously different. Here the negligence of Dad's Root Beer and the negligence, if any, of appellee materialized in a single accident, not in two occurrences of negligence separate in time and space. Here the release ran to Dad's Root Beer "*and any other* person, *corporation,* association or partnership *charged with responsibility for injuries to the person and property of the Undersigned*" (emphasis added), not merely to "all other persons, firms and corporations in any way interested or concerned." Here appellant was represented at all times, including the negotiation for settlement and signing of the release, by his own attorney, not by a layman. We think that in these circumstances, the trial court could properly infer that appellant knew what he was doing when he signed the release and could properly hold him bound by the literal, precise, unambiguous terms of the contract he signed. It follows that no investigation into his uncommunicated intent at the time of signing was required, for "the law in this jurisdiction [Oregon] does not permit contracts to be reformed merely because of uncommunicated mental reservations held by one of the parties at the time of execution." Wheeler v. White Rock Bottling Co., 1961, 229 Ore. 360, 366 P.2d 527, 529.

In view of our disposition of this issue, consideration of the other questions raised becomes unnecessary.

Affirmed.